United States District Court
Southern District of Texas
**ENTERED**
November 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HLEVICTOR A. HOSKINS JR.,** | § § § § § § § § § § § § | |
| **Plaintiff,** | | |
| v. | | CIVIL ACTION NO. 4:25-cv-1728 |
| **SANTANDER BANK, N.A.,** *et al.*, | | |
| **Defendants.** | | |

# MEMORANDUM AND RECOMMENDATION

*Pro se* Plaintiff filed this case against Defendants on April 13, 2025. Plaintiff was required under Federal Rule of Civil Procedure 4(m) to serve Defendants within ninety days. The deadline for serving Defendants was July 14, 2025. *See* FED. R. CIV. P. 4(m). However, proof of timely service of Defendants has not been filed with the Court.

On July 18, 2025, the Court issued an Order of Non-Compliance and Resetting Rule 16 Conference. (ECF No. 9). In the Order, the Court warned Plaintiff that his case may be dismissed if proof of service was not filed within sixty (60) days of the Court's Order. (*Id.*). On September 8, the Court reset the case for an initial scheduling conference on October 8, 2025. (ECF No. 10). On October 7, the Court issued another Order of Non-Compliance and Resetting Rule 16 Conference. (ECF No. 12). In the October 7 Order, the Court

warned Plaintiff that failure to comply could result in a recommendation that this case be dismissed under Rule 41(b) and/or failure to serve under Rule 4. (*Id.* at 2). Despite these orders and multiple extensions of time to serve Defendants, the deadline to do so has now passed and proof of timely service of Defendants has not been filed with the Court.

Federal Rule of Civil Procedure ("Rule") 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). Further, under Rule 4, if a plaintiff does not properly serve a defendant within ninety days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m); *see Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

Here, the Court should dismiss this action under Rules 41(b) and 4(m). *Pro se* plaintiffs are entitled to notice before a district court dismisses an action *sua sponte* for failure to timely serve a defendant under Rule 4(m). *Lyons v. Starbucks Coffee Co.*, No. 3:19-cv-2457, 2020 WL 5732638, at *5 (N.D. Tex. Aug. 24, 2020), *report and recommendation adopted*, No. 3:19-cv-2457, 2020

2

WL 5710245 (N.D. Tex. Sept. 24, 2020). Plaintiff received the required notice by warning Plaintiff that failure to properly serve Defendants could result in dismissal of his lawsuit under Rule 4(m). (*See* ECF Nos. 9, 12). Because Plaintiff has failed to properly serve Defendants and more than ninety days have elapsed since he filed his Complaint, the Court should dismiss this action. *See Gaivehchi v. Bierman*, No. 3:19-cv-980, 2019 WL 6120137, at *1 (N.D. Tex. Oct. 1, 2019), *report and recommendation adopted*, No. 3:19-cv-980, 2019 WL 6118563 (N.D. Tex. Nov. 15, 2019).

Dismissal is also warranted under Rule 41(b). By failing to properly serve Defendants and comply with the Court's order regarding service of process, Plaintiff has prevented this action from proceeding. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice. *See Coe v. United States*, No. 3:23-cv-1627, 2023 WL 9231455, at *2 (N.D. Tex. Dec. 21, 2023), *report and recommendation adopted*, No. 3:23-cv-1627, 2024 WL 150441 (N.D. Tex. Jan. 12, 2024).

Due to Plaintiff's failure to comply with a Court order, prosecute his case, and properly serve Defendants, the Court recommends **DISMISSAL** of this case without prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on November 21, 2025.

_____
Richard W. Bennett
United States Magistrate Judge